IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA.
          Plaintiff,

v.

MADER LAW GROUP, LLC, ERIC A. MADER,
and SEAN BATCHELER.

          Defendants.

CASE NO: 13-cv-02577-RAL-TGW

**PLAINTIFF'S TRIAL BRIEF**

Plaintiff, Travelers Casualty and Surety Company of America ("Travelers"), pursuant to this Court's December 30, 2013 Case Management and Scheduling Order (Doc. No. 25), submits its Trial Brief.

**I.    CONCISE STATEMENT OF THE NATURE OF THE ACTION**

This is an action for rescission of a Travelers Lawyers Professional Liability Policy (the "Policy") and for a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202 that Travelers has no duty or obligation to defend or indemnify its insureds in connection with two lawsuits pending against Eric A. Mader ("Mader"), Mader Law Group, LLC (the "Firm")(collectively, the "Mader Defendants") and Sean Batcheler ("Batcheler").[1]

---

[1] Per Batcheler's Motion for a Separate Trial (Doc. No. 57) and the Court's November 5, 2014 Endorsed Order (Doc. No. 58) granting the motion , Batcheler will not participate in the trial of this matter, but will be bound by all findings, conclusions of law, and judgment entered in the trial of this matter.  After the trial has concluded, the Court will rule as to whether Batcheler's separate "innocent co-insured" defense has any bearing on the Policy's rescission as to Batcheler.

Travelers' claim for rescission of the Policy is based on intentional material misrepresentations and incorrect statements of fact in the Firm's application for the Policy.[2] In the Firm's January 15, 2013 application for the Policy (the "Application"), Mader intentionally answered "no" to questions inquiring whether (1) any professional liability claim or suit had been made against the Firm or any of its members; (2) any attorney in the Firm ever had a disciplinary complaint filed with any administrative agency or regulatory body; and (3) any member or employee of the Firm had knowledge of any incident, act, error, or omission that is or could be the basis of a claim.[3] Additionally, Mader intentionally withheld information regarding (1) the Firm's three fictitious business names and (2) the Firm's loan modification and foreclosure services.

Prior to submitting the January 15, 2013 Application, the Firm and Mader, the Firm's managing member, were named as defendants to at least one professional liability lawsuit, which the Missouri Attorney General filed less than six months before Mader completed the Application. Additionally, as of March 8, 2012 (almost one year prior to completing the Application), Mader knew that several current and former clients had filed complaints against Mader with the Florida Bar and that the Florida Bar was investigating those complaints. Mader also knew that several current and former clients of the Firm had initiated complaints with the Florida Better Business Bureau between December 13, 2011 and January 7, 2013, complaining of the Firm's conduct in providing

---

[2] Most of the evidence demonstrating the intentional misrepresentations and concealments of fact is contained in the deposition designations Travelers is contemporaneously filing with the Court. Remaining evidence will be provided by trial testimony.

[3] Mader, as the Firm's managing partner, completed and executed the application for the Policy on behalf of the Firm.

loan modification and foreclosure services. Furthermore, beginning in 2011, Mader and the Firm knew that the Florida Attorney General was investigating the Firm's conduct, and had requested information regarding Mader and the Firm. Despite Mader's knowledge of each of the above matters, incidents, and acts at the time the Firm applied for the Policy, and despite Application questions specifically asking for that information, Mader knowingly omitted from the Application: (1) the Missouri Attorney General lawsuit, (2) the complaints filed with the Florida Bar and the Florida Bar's investigation of the complaints, (3) the complaints made to the Florida Better Business Bureau, and (4) the Florida Attorney General's investigation of Mader and the Firm.

Additionally, the Firm admittedly engaged in loan modification and foreclosure work prior to applying for the Policy, but Mader knowingly omitted reference to these services in response to the Application question requesting disclosure of the Firm's areas of practice. And, although the Firm maintained three registered fictitious business names with the State of Florida by 2013, Mader knowingly withheld these names in completing the Application.

Mader intended to deceive Travelers into issuing the Policy by knowingly omitting information and providing numerous false responses on the Application. Had the Firm provided correct responses in applying for the Policy, Travelers would not have issued the Policy, which renders the false statements material to the risk assumed by Travelers. Travelers is, therefore, entitled to rescission of the Policy.

In addition to rescission, Travelers additionally seeks a declaration that it has no duty to defend or indemnify in connection with two lawsuits, for which Travelers is

currently providing a defense under a reservation of rights. The Florida Attorney General is prosecuting a suit against Mader, Batcheler and the Firm, for unfair and deceptive practices to the detriment of Florida consumers. Two former clients of the Firm, Marc and Tasha Rowe, filed the other suit, which alleges misrepresentation, breach of fiduciary duties, breach of contract, and other acts in connection with the Firm's retention for modification of a home loan.

## II.     DISPUTED ISSUES OF LAW LIKELY TO ARISE AT TRIAL RELATED TO TRAVELERS' CLAIM FOR RESCISSION

Florida statutory law permits rescission of an insurance policy based on an insured's "misrepresentation, omission, concealment of fact, or incorrect statement." Fla. Stat. §627.409. More specifically, Florida Statute §627.409(1) provides:

> Any statement or description made by or on behalf of an insured or annuitant in an application for an insurance policy or annuity contract, or in negotiations for a policy or contract, is a representation and not a warranty. Except as provided in subsection (3), a misrepresentation, omission, concealment of fact, or incorrect statement may prevent recovery under the contract or policy only if any the following apply:
>
> (a) The misrepresentation, omission, concealment, or statement is fraudulent or is material to the acceptance of risk or to the hazard assumed by the insurer.
>
> (b) If the true facts had been known to the insurer pursuant to a policy requirement or other requirement, the insurer in good faith would not have issued the policy or contract, would not have issued it at the same premium rate, would not have issue a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss.

Fla. Stat. §627.409(1).

Pursuant to Florida Statute §627.409, the misrepresentation, omission, concealment of fact, or incorrect statement need not be intentionally made. A misrepresentation, omission, concealment of fact, or incorrect statement need only be material. *Mims v. Old Life Line Ins. Co.*, 46 F. Supp. 2d 1251, 1256 (M.D. Fla. 1999). A misrepresentation, omission, concealment of fact, or incorrect statement is material if it affects the risk undertaken by the insurer. *Mims*, 46 F. Supp. 2d at 1256. The test for determining materiality is whether the same policy would have been issued if the misrepresentation, omission, concealment of fact, or incorrect statement was not made. *Mims,* 46 F. Supp. 2d at 1256, *Jackson National Life Ins. Co. v. Proper*, 760 F. Supp. 901, 905 (M.D. Fla. 1991). "The materiality of a misrepresentation may be shown as a matter of law because some misrepresentations are 'so gross that any one would know they are material.'" *Mims,* 46 F. Supp. 2d at 1256, *quoting Singer v. Nationwide Mut. Fire Ins. Co.*, 512 So. 2d 1125, 1128 (Fla. Dist. Ct. App. 1987).

However, under Florida law, an insurer and insured may "contract out of" the statutory basis for rescission, as long as the contract is not void as against public policy or statutory law. *Green v. Life & Health of Am.*, 704 So. 2d 1386, 1390-91 (Fla. 1998); *S.R.R.B. ex rel. Vreeland v. Life Investors Ins. Co.*, 2010 WL 963789 at *3 (M.D. Fla. Mar. 15, 2010); *Universal Prop. & Cas. Ins. Co. v. Johnson*, 114 So. 2d 1031, 1035 (Fla. Dist. Ct. App. 2013).

In its October 20, 2014 Order denying Travelers' and the Mader Defendants' motions for summary judgment (Doc. No. 56), the Court ruled that, by virtue of the

Policy's "Misrepresentation" condition, Travelers and the Firm contracted out of the Florida statutory standard for rescission.[4] The condition provides:

> **XIX.   MISREPRESENTATION**
> This Policy may be considered void if, after the Inception Date of the Policy Period, set forth in Item 2 of the Declarations, any Principal Insured has intentionally concealed or misrepresented any material fact or circumstance, concerning this insurance or the subject thereof, provided that section XIX. MISREPRESENTATION does not apply if such Principal Insured mistakenly:
> A.   failed to disclose information to the Company; or
> B.   mislead the Company.

(the "Misrepresentation Condition").  According to the Court's ruling, rescission of the Policy will require a showing that the Firm's inaccurate responses were made with the intent to deceive.  After finding that the various Application questions were unambiguous and that Mader's responses to them were misrepresentations, the Court stated that the remaining issue (the sole issue) for the trier-of-fact to decide is "whether the answers were given with the intent to deceive." (Doc. No. 56).[5]

Under Florida law, intent to deceive may be proven by a preponderance of the evidence, a standard less stringent than that required by a clear and convincing evidence standard.  *Wynfield Inns v. Edward LeRoux Group, Inc.*, 896 F.2d 483 (11th Cir. 1990),

---

[4] Travelers asserted in its summary judgment motion that the Florida statutory standard, rather than the Policy's "Misrepresentation" condition, applies to this case, but the Court has rejected Travelers' position. (Doc. No. 56)

[5] The Court also ruled that at least one of the misrepresentations – the concealment of loan modification and foreclosure areas of practice – was a material misrepresentation.  (Doc No. 56, p. 26).  In the absence of reference by the Court to the materiality of the various other facts misrepresented, and unless Mader and the Firm stipulate that the other misrepresentations are material, Travelers is prepared to offer proof of their materiality, as well, through the testimony of the Travelers underwriter for the Policy, Kristin Tenbensel-Montalvo.

6

*citing Wieczoreck v. v. H & & Builders*, 475 So. 2d 227 (Fla. 1985).  Moreover, intent to deceive may be established through circumstantial evidence.  *Cohen v. Kravit Estate Buyers, Inc.* 543 So. 2d 989 (Fla. Dist. Ct. App.  2003), *citing Nally v. Olsson*, 134 So.2d 265, 267 (Fla. Dist. Ct. App. 1961).  Such circumstances, by their number and joint consideration, can sufficiently constitute proof of intent to deceive.  *Id.*  For example, evidence that fraudulent acts or statements are repeated a number of times may be considered circumstantial evidence of an intent to deceive.  *U.S. SEC v. Big Apple Consulting USA, Inc.*, 2012 WL 9083212 (M.D. Fla. 2012)(Court-entered jury instructions).  Furthermore, fraudulent intent may be established where a defendant's testimony is improbable and unbelievable.  *Nally v. Olson*, 134 So.2d at 267, citing *Tornwall v. Carter*, 106 So. 2d 96, 99 (Fla. Dist. Ct. App. 1958).

      The United District Court for the Middle District of Florida has not directly addressed what evidence is necessary to establish an insured's intent to deceive in applying for liability insurance in order to obtain rescission.   However, district courts in the Eleventh Circuit's sister circuits have ruled that rescission is proper when an insured provides false answers to clear and straightforward questions[6] in applying for malpractice insurance, such that the only explanation for the insured's false answers is that the insured intended to deceive the insurer into issuing a policy it would not have issued if the insured provided truthful answers.  *See*, *Chicago Ins. Co. v. Capwill*, 2011 WL 6440756 at *8 (N.D. Ohio Dec. 21, 2011), *aff'd* 514 Fed. Appx. 575 (6th Cir. 2013).

---

[6] In its October 20, 2014 Order, the Court found that the Application questions in dispute were not ambiguous, and therefore, are clear and straightforward. (Doc. No. 56).

7

The Sixth Circuit in *Capwill* affirmed the district court's finding that rescission of an insured's liability insurance policy was proper when the insured supplied incorrect responses regarding investment activities and disciplinary actions. *Capwill*, 514 Fed. Appx. 575. The district court found that,

> [The insured's] false responses to questions about his investment activities and disciplinary actions suffice, however, to entitle the [insurer] to rescission. No rational fact-finder could conclude otherwise than that [the insured] lied with the intent to deceive the plaintiff and induce it to issue the policies.
>
> ***
>
> [The insured] knew what he was doing in his dealings with [the insurer]: applying for malpractice insurance. The questions [the insurer] asked him on each application were clear and straightforward, demanding equally clear and straightforward answers. There can be no doubt that his answers were, in part, untruthful, or that they were deliberately so. The only explanation for his falsehoods is that he intended to deceive the [insurer] into issuing policies it might not otherwise have issued had he answered truthfully. A rational fact finder could only conclude that [the insured] acted with intent to defraud.

*Capwill*, 2011 WL 6440756 at *2, 8, *aff'd* 514 Fed. Appx. 575.

Similarly, in a recent SEC fraud trial before the United States District Court for the Middle District of Florida, the Court entered and provided jury instructions stating that,

> The question of whether a person acted with intent to defraud … is a question of fact for you to determine, like any other question of fact. It is a question that requires you to assess a person's state of mind. Direct proof of state of mind is almost never available, and it is not required. Circumstantial evidence, if believed, has the same value as direct evidence. For example, evidence that fraudulent acts

> or statements are repeated a number of times over a long period of time may be considered circumstantial evidence of an intent to deceive.

*U.S. SEC v. Big Apple Consulting USA, Inc.*, 2012 WL 9083212 (M.D. Fla. 2012).

Florida law, authority of the Eleventh Circuit's sister circuits, and jury instructions previously adopted by the United States District Court for the Middle District of Florida, in *U.S. SEC v. Big Apple Consulting USA, Inc.,* establish the standard by which Travelers is required to prove that Mader intended to deceive Travelers in applying for the Policy.

Travelers is required to show only, through circumstantial evidence and by a preponderance of the evidence, that Mader acted with the intent to deceive Travelers into issuing the Policy, which it would not have otherwise issued had he provided accurate responses to the above-cited Application questions. In light of the Application's clear and straightforward questions, the number of incorrect responses Mader provided, and his knowledge that the responses were inaccurate, the only reasonable and credible explanation for the incorrect answers is that Mader intended to deceive Travelers into issuing a policy it might not otherwise have issued had he answered truthfully. *Big Apple*, 2012 WL 9083211, *Capwill*, 2011 WL 6440756 at *8.

The Court has found that the Firm answered five questions incorrectly and that these questions were not ambiguous. (Doc. No. 56). In determining that the questions in the Application were not ambiguous, the Court additionally found that the Firm's explanations for supplying incorrect responses were irrelevant, difficult to comprehend, and/or defy logic. (Doc. No. 56). There is no evidence that the Firm provided false

answers for any purpose other than to deceive Travelers into issuing the Policy. Pursuant to the *Capwill* court's reasoning, "no rational fact-finder could conclude otherwise than that [Mader] lied with the intent to deceive [Travelers] and induce it to issue the [Policy]." *Capwill*, 2011 WL 6440756 at *2.

Pursuant to the foregoing authority and discussion, Travelers is entitled to rescission of the Policy and a judgment declaring that it has no obligation to defend or indemnify Mader, the Firm, and Batcheler in connection with the Rowe Suit and Florida AG Suit because Mader and the Firm concealed and misrepresented material facts in applying for the Policy.

Dated: January 5, 2015

1661816

                  TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA.

By: */s/ Christopher J. Bannon*
Christopher J. Bannon (*admitted pro hac vice*)
Lindsay P. Lollio (*admitted pro hac vice*)
Aronberg Goldgehn Davis & Garmisa
330 North Wabash, Suite 3000
Chicago, Illinois 60611
(ph) 312-755-3175
(fax) 312-222-6375
cbannon@agdglaw.com
llollio@agdglaw.com

and

Aram Megerian
Cole, Scott & Kissane, P.A.
4301 West Boy Scout Blvd.
Suite 400
Tampa, FL 33607
(ph) 813-864-9373
(fax) 813-286-2900
Aram.Megerian@csklegal.com

*Attorneys for Plaintiff Travelers Casualty and Surety Company of America*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 5, 2015, I electronically filed the foregoing Trial Brief with the Clerk of the Court by using the CM/ECF system which will serve a Notice of Filing on all counsel of record.

        By: */s/ Christopher J. Bannon*
Christopher J. Bannon (*admitted pro hac vice*)
Lindsay P. Lollio (*admitted pro hac vice*)
Aronberg Goldgehn Davis & Garmisa
330 North Wabash, Suite 3000
Chicago, Illinois 60611
(ph) 312-755-3175
(fax) 312-222-6375
cbannon@agdglaw.com
llollio@agdglaw.com

Aram Megerian
Cole, Scott & Kissane, P.A.
4301 West Boy Scout Blvd.
Suite 400
Tampa, FL 33607
(ph) 813-864-9373
(fax) 813-286-2900
Aram.Megerian@csklegal.com