IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA,
                Plaintiff,

      v.                          CASE NO 13-cv-02577- RAL-TGW

MADER LAW GROUP, LLC, ERIC A. MADER
and SEAN BATCHELER,
                Defendants.

_____/

## **TRIAL BRIEF OF ERIC A. MADER and MADER LAW GROUP, LLC**

Defendants, ERIC A. MADER and MADER LAW GROUP, LLC, submit the following

Trial Brief and incorporated Proposed Findings of Fact and Conclusions of Law.

### **Introduction**

This is an action for rescission of a professional liability insurance policy issued by

Travelers Casualty And Surety Company Of America, (Travelers) to Mader Law Group, LLC

(Mader) and for a declaration that Travelers has no duty to defend or indemnify Mader in

connection with two lawsuits. Travelers is not entitled to rescind under the provisions of

§627.409, Florida Statutes because it contractually altered the statutory standard to a less

stringent standard that permits rescission only if the insured intentionally concealed or

misrepresented any material fact or circumstance concerning the insurance. A mistaken

concealment or misleading misrepresentation by the insured does not allow Travelers to rescind

the coverage.

This Court has determined that certain answers or response to questions in Mader's

application for coverage were inaccurate. The remaining issue for trial is whether those answers/

responses were given with the intent to deceive Travelers or were Mader's mistaken
interpretations of the questions presented in the application.

**Potential Disputed Issues of Law**

1. Plaintiff  has the burden of proof. See *Ironshore Indem., Inc. v. Banyon 1030-32,*
   *LLC*, 2013 WL 4711155 (S.D. Fla. 2013).(Insurance companies bear the burden of
   proof on their rescission claims).

2. The standard of proof for rescission is clear and convincing We*lbourn v.*
   *Cohen* 104 So.2d 380 (2 DCA 1958) rather than greater weight of the
   evidence.*Watson Realty  Corp. v. Quinn* 484 So2d 568 (Fla.1984).

3. The test for intent to deceive is the subjective state of mind of the party making the
   misrepresentation. U.S. v. Statton 28 C.M.R. 376 (CMA 1960).

4. In order for an insurer to rescind a policy due to a misstatement the insured's
   application application, such misrepresentation or nondisclosure must be in response to
   an insurer's request for that information. *Hauser v. Life General Sec. Ins. Co*.  56 F.3d
   1330 (C.A.11 (Fla.),1995).

5. Good faith representations to application questions that are ambiguous, doubtful or
   obscure will be construed as truthful against the insurer.(contra proferentem) 3-15
   APPLEMAN ON INSURANCE §15.9 (2009); 6 COUCH ON INSURANCE §81:42
   (2009 INSURANCE (2009).

6. If the words employed by the insurer, of themselves, or in connection with other
   language in the   instrument, or in reference to the subject matter to which they relate,
   are susceptible of the  interpretation given them by the insured, the representations
   must be construed of favor of the insured. *Wright v. Fraternities Health & Accident*

*Ass'n*. 78 A. 475 (Me.1910). An insurer is duty bound to use language so plain and clear that the insured cannot mistake or be mislead as to the duties imposed . *Id.*

7. An insurer waives a right of rescission by deliberate disregard of information sufficient to excite attention and call for inquiry as to the existence of facts by reasons of which a forfeiture could be declared. *United Services Auto. Ass'n v. Clarke* 757 So.2d 554 (4DCA 2000).

**Findings of Fact**

1. Travelers Casualty and Surety Company of America (Travelers) issued a Lawyers Professional Liability No.10575560 (Policy) for the period March 1, 2013 to March 1, 2014.to Mader Law Group, LLC based on information contained in an application for coverage completed by Eric A. Mader for the law firm.

2. The Policy was a renewal of a substantially identical policy issued to Mader Law Group by Travelers for the preceding policy period from Marci 1, 2012 to March 1. 2013.

3. Eric A. Mader, as a Principal Insured, gave inaccurate answers to four questions in the application for coverage and omitted information requested by two other questions.

4. Question 25 asked whether any attorney in the firm has ever had a disciplinary complaint filed with a court, administrative agency or regulatory body. With knowledge of the Florida Bar investigation of complaints by clients or former clients Mr. Mader did not consider the Florida Bar investigation to constitute a disciplinary complaint filed with a court, administrative agency or regulatory body.

5. Question 26 asked whether any professional liability claim or suit been made or brought against the firm, or members of the firm. With knowledge of the allegations in the Missouri Attorney General litigation  Mr. Mader did not consider the suit by the Missouri

Attorney General alleging unlawful merchandising practices, foreclosure consulting., and the unauthorized practice of law to constitute a professional liability claim.

6. Question 27. Asked whether any attorney in the firm has knowledge of any incident, act, error, or omission that is or could be the basis of a claim under this professional liability policy. With knowledge of the facts Mr. Mader did not consider that the Missouri lawsuit, the Florida Bar investigation and the Florida BBB complaints could possibly be the basis of a claim under a renewal of the claims made policy for which the firm was seeking from Travelers.

7. Question 3 asked for any trade or doing business name. With knowledge of the firms other fictitious name registrations Mr. Mader did not disclose three fictitious name registrations because he considered Mader Law Group as a single entity even though the firm had registered other names without independent existence from the firm. Travelers did not inquire about the failure to provide any answer to this question

8. Question 10 requested a list of practice areas of the firm, designated by percentages. Mr. Mader considered the firm's foreclosure work subsumed in the designated "Collection Repossession" category. It did not occur to Mr. Mader to include that area of the firm's practice under the catchall designation of "other" contained in the areas of practice list.

9. Mr. Mader answered each of the questions in a manner that he considered truthful based on his understanding of the questions as worded by Travelers.

**Conclusions of Law**

1. Traveler' s Policy, section XIX MISREPRESENTATION, permits Travelers to void the policy only if any Principal Insured has intentionally concealed or misrepresented any material fact or circumstance concerning the insurance or the subject thereof,

2.   Section XIX MISREPRESENTATION does not apply if such Principal Insured

mistakenly :

    A.  failed to disclose information to the Company; or

    B.   mislead the Company.

3.   The issue for the trier of fact is whether the inaccurate answers were given with the

intent to deceive or whether Mr. Mader mistakenly failed to disclose information or

mislead Travelers.

4.   A mistaken failure to disclose or mislead is the antithesis of an intent to deceive.

5.   Intent to deceive is a subjective state of mind not measured in terms of what a

reasonable person would do in like circumstances. Consequently, an honest but

unreasonable belief in the existence of  a nonexistent fact negates the presence of an

intent to deceive

6.   In the context of this action the plain ordinary definition of "mistake" is to

misunderstand the meaning or intention of the application questions or to make a

wrong judgment about the inquiry.[1]

7.   In an action for rescission intentional misrepresentations are never presumed and

must be established by clear and convincing evidence.

8.   In order for an insurer to rescind a policy due to a misstatement the insured's

application application, such misrepresentation or nondisclosure must be in response

to an insurer's request for that information. *Hauser v. Life General Sec. Ins. Co*.  56

F.3d 1330 (C.A.11 (Fla.),1995.  Good faith representations to application questions

---

[1] Miriam- Webster Dictionary.com

that are ambiguous, doubtful or obscure[2] will be construed as truthful against the insurer. If the words employed by the insurer, of themselves, or in connection with other  language in the instrument, or in reference to the subject matter to which they relate,  are susceptible of the  interpretation given them by the insured, the representations   must be construed of favor of the insured.  An insurer is duty bound to use language so plain and clear that the insured cannot mistake or be mislead as to the duties imposed .

9.  The meaning of the term "disciplinary complaint" contained in Application Question 25 is doubtful and obscure.

10. The meaning of the term "professional liability claim " contained in Application Question 26 is doubtful and obscure.

11. The meaning of the term "that is or could be the basis of a claim under this proposed professional liability policy" contained in Application Question 27 is doubtful and obscure.

12. The meaning of the term "Collection/Repossession" contained in Application Question 10 is doubtful and obscure.

13.  Travelers waived any right to rescind the Policy based on Mr. Mader's failure to provide any answer to Application Question 3.

---

[2] Doubtful: to be uncertain about something; Obscure: difficult to know with certainty. Miriam- Webster Dictionary.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via e-mail (where e-mail addresses are known) which constitutes service under Florida Rule of Judicial Administration 2.516 and via the U. S. Postal Service on  January 5, 2015.

Aram P. Megerian, Esquire
Tamara C. Jordan, Esquire
COLE, SCOTT & KISSANE, PA
4301 W. Boy Scout Blvd Ste 400
Tampa FL 33607
Aram.megerian@csklegal.com
Tamara.jordan@csklegal.com
Attorneys for Plaintiff, Travelers Casualty and Surety Company of America

Christopher J. Bannon, Esquire
Kelli A. Biggam, Esquire
ARONBERG   GOLDGEHN   DAVIS   &   GARMISA
330 North Wabash Ste 3000
Chicago, IL 60611
cbannon@agdglaw.com
kbiggam@agdglaw.com
Attorneys for Plaintiff, Travelers Casualty and Surety Company of America

S/ _____
    H. VANCE SMITH
    102 West Whiting Street, Suite 601
    Tampa, FL  33602
    Tel (813) 226-1862
    Fax (813) 440-4689
    Florida Bar No. 109226
    Email vsmith@kdelegal.com